**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teimuraz Tsirekidze, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Syntax-Brillian Corp., Man Kit (Thomas) Chow, John S. Hodgson, James Ching Hua Li, Wayne A. Pratt, Vincent F. Sollitto, Jr., Brean Murray Carret & Co., LLC, Canaccord Adams Inc., Grobstein Horwath & Company LLP, Merrill Lynch, Pierce Fenner & Smith Incorporated, Robert W. Baird & Co. Incorporated, and UBS Securities LLC<br><br>    Defendants. | No. CV-07-02204-PHX-FJM<br><br>**ORDER** |

On July 6, 2009, this court took a telephone call from Daniel Weinstein, who represented that he was a private mediator representing all of the parties in this case. He said that notwithstanding this court's "strongly worded" admonitions regarding the firmness of the Rule 16 scheduling order, the parties would like to spend the summer engaged in mediation rather than litigation.

In twenty-five years of judging, this was the first time a private mediator ever called on behalf of the parties suggesting that the court's schedule should yield to the private mediator's schedule. We advised that nothing settles cases as effectively as firm trial dates and that there was no good reason why the parties could not engage in private mediation and

litigation at the same time. Indeed, at the Rule 16 scheduling conference on September 5, 2008, the court advised the parties as follows:

> Whether you mediate or not is your business. I'm not interested in either promoting or discouraging private mediation except to tell you that it doesn't interfere with our Rule 16 order, and settlement negotiations obviously are not good cause to delay litigation.

Unofficial Transcript of Proceedings dated Sept. 5, 2008 at 22.

At all events, we advised Mr. Weinstein that we would not accommodate his request, whether it was made on his own or the parties' behalf. If the request was made on behalf of the parties, the court reminds them that under Rule 7(b), Fed. R. Civ. P., "[a] request for a court order must be made by motion," not a telephone call by an intermediary.

DATED this 7th day of July, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge