1  **WO**

2

3

4                    **NOT FOR PUBLICATION**

5          IN THE UNITED STATES DISTRICT COURT

6              FOR THE DISTRICT OF ARIZONA

7

8  Teimuraz Tsirekidze, On Behalf of)    No. CV-07-02204-PHX-FJM
   Himself and All Others Similarly Situated,)
9                                      )    **ORDER**
               Plaintiff,              )
10                                     )
   vs.                                 )
11                                     )
                                       )
12 Syntax-Brillian Corp., Man Kit (Thomas))
   Chow, John S. Hodgson, James Ching Hua)
13 Li, Wayne A. Pratt, Vincent F. Sollitto, Jr.,)
   Brean Murray Carret & Co., LLC,)
14 Canaccord Adams Inc., Grobstein)
   Horwath & Company LLP, Merrill Lynch,)
15 Pierce Fenner & Smith Incorporated,)
   Robert W. Baird & Co. Incorporated, and)
16 UBS Securities LLC                  )
                                       )
17             Defendants.             )
   _____)
18

19        This action arises out of alleged violations of federal securities laws. On July 17,

20 2009, we granted lead plaintiff, City of St. Clair Shores Police and Fire Retirement System's,

21 and named plaintiff, City of New Haven Policemen and Firemen's Pension Fund's

22 (collectively, "plaintiffs"), motion to certify a class and ordered that the parties stipulate to

23 a form of notice to the class and file it no later than August 10, 2009 (doc. 296). We now

24 have before us plaintiffs' notice of submission of proposed form of notice to the class (doc.

25 304).

26        Under Rule 23(c)(2)(B), Fed. R. Civ. P., we must "direct to class members the best

27 notice that is practicable under the circumstances." The notice must state:

28        (i) the nature of the action; (ii) the definition of the class certified; (iii) the
          class claims, issues, or defenses; (iv) that a class member may enter an

appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). We have reviewed plaintiffs' proposed form of notice and conclude that it complies with the requirements of Rule 23. The notice "clearly and concisely" provides the required information regarding the nature of the action and definition of the class and informs class members of their rights and obligations.

Plaintiffs have represented that all defendants, except Grobstein Horwath & Company LLP which did not respond, substantially agree to the form of notice. However, Brean Murray, Carret & Co., LLC, Canaccord Adams Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Robert W. Baird & Co. Inc., and UBS Securities LLC's (collectively, "Underwriters") disagree as to the deadline for class members to file a request for exclusion. Underwriters have requested that the deadline be set for September 30, 2009, immediately after the dispositive motion cutoff date. Plaintiffs request that the deadline be set for October 30, 2009 to provide class members sufficient time to assess their options. We conclude that an October 30, 2009 opt-out date is reasonable and will not affect any of the deadlines in our Rule 16 scheduling order (doc. 101).

**IT IS THEREFORE ORDERED** that plaintiffs shall issue their proposed form of notice to the class as soon as practicable. The notice shall reflect that a class member's request for exclusion must be postmarked no later than October 30, 2009.

DATED this 18th day of August, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge