H. Michael Clyde (009647)
Rebecca K. Setlow (015915)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000

Susan L. Hoffman (Admitted *Pro Hac Vice*)
John D. Pernick (Admitted *Pro Hac Vice*)
Jennifer A. Lopez (Admitted *Pro Hac Vice*)
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680.6454

Attorneys for Defendants
James Ching Hua Li and Man Kit (Thomas) Chow

UNITED STATED DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Teimuraz Tsirekidze, on behalf of himself and all others similarly situated;<br><br>            Plaintiff,<br><br>    v.<br><br>Syntax-Brillian Corp., Vincent F. Sollitto, Jr., and Wayne Pratt,<br><br>            Defendants.<br><br>AND ALL CONSOLIDATED CASES | No. CV-07-2204-PHX-FJM (Lead)<br><br>(Consolidated)<br><br>No. CV-07-2454-PHX<br>No. CV-07-2524-PHX<br>No. CV-08-0236-PHX<br><br>DEFENDANTS JAMES CHING HUA LI AND MAN KIT (THOMAS) CHOW'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs filed this case as a securities fraud class action alleging claims under the Sections 11, 12 and 15 of the Securities Act and Section 10b and 20(a) of the Exchange Act.  Plaintiffs' case is based upon the allegation that the defendants misrepresented the strength of demand in China for Syntax-Brillian Corporation's ("S-B") products and concealed this supposed weakness through accounting schemes relating to its characterization of its "tooling deposits" with its primary supplier, Kolin, and its sales to its Asian distributor, South China House of Technology ("SCHOT").

However, in order for plaintiffs to recover under Sections 11 and 12 of the Securities Act and Section 10b of the Exchange Act, their damages must have been caused by the defendants' wrongdoing.  Loss causation is an element of plaintiffs' Section 10b claim and lack of loss causation is an affirmative defense to their Section 11 and 12 claims.

Therefore, in this case, plaintiffs can only recover if S-B's stock price declined as a result of disclosures that corrected the alleged misrepresentations at issue.  But neither of the two disclosures alleged in the complaint -- September 12, 2007 and November 14, 2007 -- revealed any information regarding plaintiffs' theory that demand was weaker in China or that S-B had engaged in accounting manipulation to conceal this weakened demand.  To the contrary, the disclosures revealed that demand was still strong for S-B's product but that a severe credit tightening in Asia left the Company with insufficient capital to meet the demand for its products.  Thus, any stock price declines following the September 12 and November 14 disclosures are unrelated to plaintiffs' allegations of weaker demand for S-B's products and accounting manipulations used to conceal this weakness.  Ultimately, there is no causal connection between plaintiffs' claimed misrepresentations and their purported losses.  Accordingly, Li and Chow are entitled to judgment as a matter of law, dismissing the causes of action pending against them

pursuant to Sections 10b, 11 or 12.  And since plaintiffs cannot allege a primary violation of the securities laws, their control person claims must also fail.

On September 8, 2009, Defendants Wayne Pratt and Vincent F. Sollitto, Jr. filed their motion for summary judgment as to the remaining Securities Act claims against them based on the absence of loss causation.  Although this court dismissed the Section 10b claims against Sollitto and Pratt, the arguments made in their summary judgment motion with respect to loss causation apply with equal force to the 10b claims pending against Li and Chow.  Accordingly, defendants Li and Chow join in the summary judgment motion filed by Sollitto and Pratt and incorporate their motion for summary judgment by reference as though fully set forth herein.

## II.     STATEMENT OF FACTS

Defendants Li and Chow incorporate the Statement of Facts Section of Defendants Sollitto and Pratt's Motion for Summary Judgment by reference as though fully set forth herein.

In addition to the Section 11, 12 and 15 claims made against the defendants, Plaintiffs have brought a claim against Li and Chow pursuant to Section 10b of the Exchange Act.  The misrepresentations alleged against Li and Chow pursuant to this cause of action are identical to those pled pursuant to the Section 11 and 12 claims, i.e., that there was insufficient end-user demand to warrant the quantity of LCD televisions shipped to SCHOT during the Class Period (Compl. ¶ 219) and that S-B sought to conceal this alleged weakened demand through accounting schemes which improperly accounted for sales to SCHOT and tooling deposits to Kolin (Compl. ¶¶ 211-218).  There is no other category of representation alleged in the Section 10b claim that is not contained in the Section 11 claim.

### III.     ARGUMENT

#### A. Li and Chow Are Entitled To Summary Judgment On The Section 10b, 11 and 12 Claims Pending Against Them

Summary judgment is appropriate if the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). To avoid summary judgment, the nonmoving party must produce evidence and "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Allegations in the complaint, unsupported speculation, and conclusory statements cannot defeat summary judgment. *See Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

Li and Chow are entitled to summary judgment because plaintiffs' theory of loss is wholly unrelated to any claimed misrepresentations. In Section 10b claims as well as those brought under Section 11 and 12, losses not directly caused by defendants' alleged misrepresentations are not recoverable as a matter of law. 15 U.S.C. § 77k(e)(3); 15 U.S.C. § 77l(b); *Dura Pharms*, 544 U.S. at 341. As stated in Sollitto and Pratt's Motion for Summary Judgment, the lack of loss causation can be raised as an affirmative defense to Section 11 and 12 claims or as a missing element of plaintiffs' prima facie case in Section 10(b) claims. In either case, courts routinely apply the same definition of loss causation. *See, e.g., In re WorldCom, Inc. Securities Litigation*, Case No. 02 Civ. 3288 DLC, 2005 WL 375314, *6 (S.D.N.Y. February 17, 2005) ("the negative causation defense in Section 11 and the loss causation element in Section 10(b) are mirror images"); *In re Shoretel Sec. Litig.*, No. C 08-00271 CRB, 2009 WL 248326 (N.D. Cal. Feb. 2, 2009) (dismissing a Section 11 claim in reliance on the Ninth Circuit's loss causation analysis in *Metzler v. Corinthian Colleges*, 540 F.3d 1049 (9th Cir. 2008), which involved a Section 10(b) claim).

Since the same alleged misrepresentations are at issue with respect to the Section 10b, 11 and 12 claims, the loss causation analysis contained in Sollitto and Pratt's motion applies with equal force to the Section 10b claim pending against Li and Chow. Indeed, given that plaintiffs have the burden of proving loss causation on their Section 10b claim. Accordingly, Defendants Li and Chow incorporate the Argument Section of Defendants Sollitto and Pratt's Motion for Summary Judgment by reference as though fully set forth herein. For all of the same reasons, Li and Chow are entitled to summary judgment on the Section 10b, 11 and 12 claims alleged against them.

### B. Li and Chow Are Entitled To Summary Judgment On The "Control Person" Claims

Plaintiffs also purport to allege "control person" claims under Section 20(a) of the Exchange Act or Section 15 of the Securities Act against Li or Chow. Plaintiffs cannot maintain a control person claim where, as here for reasons discussed in above, they do not and cannot maintain a primary violation of the securities laws. *See Paracor Finance, Inc. v. General Elec. Capital Corp.,* 96 F.3d 1151, 1161 (9th Cir. 1996). Accordingly, Li and Chow are entitled to summary judgment with respect to the Section 20(a) and Section 15 claims alleged against them.

## IV. CONCLUSION

For all of the foregoing reasons, and for all of the reasons stated in the motions for summary judgment filed by the other defendants, Defendants Li and Chow respectfully request that this Court grant their summary judgment as to the claims asserted against them pursuant to Rule 56 of the Fed. R. of Civ. Proc.

| | |
|---|---|
| Dated:  September 17, 2009 | BINGHAM MCCUTCHEN LLP |

By: /s/ Jennifer A. Lopez
Susan L. Hoffman
John D. Pernick
Jennifer A. Lopez
355 South Grand Avenue, Suite 4400
Los Angeles, CA  90071-3106

H. Michael Clyde
Rebecca K. Setlow
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788

Attorneys for James Ching Hua Li and Man Kit (Thomas) Chow

**CERTIFICATE OF MAILING**

I hereby certify that on September 17, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By   s/ Jennifer A. Lopez