BUCKLEY KING
MICHAEL SALCIDO
2020 North Central Avenue, Suite 1120
Phoenix, AZ 85004
Telephone: 602/424-2550
602/424-2566 (fax)
salcido@buckleyking.com

Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
G. PAUL HOWES
DANIEL S. DROSMAN
JEFFREY D. LIGHT
SCOTT H. SAHAM
DEBRA J. WYMAN
SAMANTHA A. SMITH
SHANNON M. MATERA
JENNIFER Y. LAI
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
paulh@csgrr.com
dand@csgrr.com
jeffl@csgrr.com
scotts@csgrr.com
debraw@csgrr.com
ssmith@csgrr.com
smatera@csgrr.com
jlai@csgrr.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
EX KANO S. SAMS II
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)
exkanos@csgrr.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| TEIMURAZ TSIREKIDZE, On Behalf of Himself and All Others Similarly Situated, ) ) | No. 2:07-cv-02204-FJM **(Consolidated)** |
| Plaintiff, ) | <u>CLASS ACTION</u> |
| vs. ) | STIPULATION OF SETTLEMENT |
| SYNTAX-BRILLIAN CORP., et al., ) ) | |
| Defendants. ) | |

This Stipulation of Settlement dated as of October 28, 2009 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiff City of St. Clair Shores Police & Fire Retirement System and named plaintiff City of New Haven Policemen and Firemen's Pension Fund (collectively, "Plaintiffs"), on behalf of themselves and each of the members of the Class, as determined by the Court's Order, dated July 17, 2009, by and through their respective counsel of record in the Litigation; and (ii) Merrill Lynch, Pierce, Fenner & Smith Incorporated, UBS Securities LLC, Robert W. Baird & Co. Incorporated, Canaccord Adams Inc., and Brean Murray, Carret & Co., LLC (collectively, the "Underwriter Defendants"); Grobstein Horwath & Company LLP ("Grobstein"); and Man Kit (Thomas) Chow, John S. Hodgson, James Ching Hua Li, Wayne A. Pratt, and Vincent F. Sollitto, Jr. (collectively, the "Individual Defendants"), by and through their respective counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

Beginning on November 14, 2007, a number of class action lawsuits were filed against Syntax-Brillian Corporation ("Syntax" or the "Company") and certain of its officers by Syntax stockholders alleging violations of the federal securities laws. The cases were consolidated before the Honorable Frederick J. Martone in the United States District Court for the District of Arizona, and the case is presently styled *Tsirekidze v. Syntax-Brillian Corp., et al.*, No. 2:07-cv-02204-FJM (the "Litigation"). On April 7, 2008, the Court appointed the City of St. Clair Shores Police & Fire Retirement System as "lead plaintiff" pursuant to the requirements of the Private Securities Litigation Reform Act of 1995. On July 8, 2008, Syntax filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), pursuant to Chapter 11 of the Bankruptcy Code.

On August 25, 2008, lead plaintiff filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") and added claims against Grobstein,

1   the Company's auditor, and the underwriters for the Company's secondary public offering

2   on May 24, 2007.  The Complaint added City of New Haven Policemen and Firemen's

3   Pension Fund as a named plaintiff.[1]  On October 15, 2008, separate motions to dismiss the

4   Complaint were filed by the following defendants:  James Ching Hua Li and Man Kit

5   (Thomas) Chow; Vincent F. Sollitto, Jr. and Wayne A. Pratt; John S. Hodgson; the

6   Underwriter Defendants; and Grobstein.  On February 4, 2009, the Court issued an Order

7   granting in part and denying in part defendants' motions to dismiss the Complaint.  The

8   Court upheld Plaintiffs' §§11, 12(a)(2), and 15 claims under the Securities Act of 1933

9   against all defendants for the alleged false and misleading statements associated with the

10  Company's May 24, 2007 secondary public offering (with the exception of the §12(a)(2)

11  claim against the Company's former auditor, Grobstein).  The Court also upheld Plaintiffs'

12  §§10(b) and 20(a) claims against defendants James Ching Hua Li and Man Kit (Thomas)

13  Chow.

14          On July 17, 2009, the Court issued an order appointing Plaintiffs as class

15  representatives and certifying a Class that consists of:

16          All persons or entities who purchased or otherwise acquired Syntax-Brillian

17          Corporation securities between February 9, 2007 and November 14, 2007.  For

18          all claims brought under the Securities Act of 1933, as opposed to claims

19          under the Securities Exchange Act of 1934, only those persons or entities who

20          purchased or otherwise acquired Syntax-Brillian securities in the [C]ompany's

21          secondary public offering on May 24, 2007 directly from an underwriter or

22          participating dealer are included.  Any purchasers in private offerings by

23          Syntax-Brillian [C]orporation on March 28, 2007 and August 23, 2007, all

24          defendants, members of individual defendants' families, any entity in which a

25          defendant has a controlling interest or is a parent or subsidiary of, or is

26  

27  [1]     As a result of Syntax's bankruptcy filing, Syntax was not named as a defendant in the
    Complaint and the Class's claim against Syntax in its bankruptcy proceeding has no value.

28

1   controlled by Syntax-Brillian Corporation, the officers, directors, employees,

2   affiliates, legal representatives, heirs, predecessors, successors, and assigns of

3   defendants are excluded.

4   Defendants have filed answers denying all material allegations of the Complaint and

5   have asserted numerous defenses in the case.  The parties are currently engaged in discovery,

6   which includes, without limitation, the review and analysis of hundreds of thousands of

7   pages of documents, the taking of depositions, and expert discovery.  Additionally, certain

8   defendants have filed motions for summary judgment.

9   After extensive settlement discussions, the parties have reached agreement on the

10   terms of settlement as set forth herein.

11   **II.     THE SETTLING DEFENDANTS' DENIALS OF WRONGDOING
        AND LIABILITY**

12

13   Defendants have denied and continue to deny each and all of the claims and

14   contentions alleged by Plaintiffs in the Litigation.  Defendants expressly have denied and

15   continue to deny, *inter alia*, all charges of wrongdoing or liability or any violation of law

16   arising out of any of the conduct, statements, acts or omissions alleged, or that could have

17   been alleged, in the Litigation; have denied, and continue to deny the allegations that

18   Plaintiffs have suffered damage or were harmed by any of the conduct alleged in the

19   Litigation; continue to believe the claims asserted against them in the Litigation are without

20   merit; and have agreed to enter into the settlement solely to avoid the expense, distraction,

21   time, and uncertainty associated with continuing the Litigation.

22   The Settling Defendants have concluded that further conduct of the Litigation would

23   be protracted and expensive and that it is desirable that the Litigation be fully and finally

24   settled in the manner and upon the terms and conditions set forth in this Stipulation.  The

25   Defendants also have taken into account the uncertainty and risks inherent in any litigation,

26   especially in complex cases such as this Litigation.  The Defendants have therefore

27   determined that it is desirable and beneficial to them that the Litigation be settled in the

28   manner and upon the terms and conditions set forth in this Stipulation.

### III.    CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims.  However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Settling Defendants through trial and through appeals.  Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Plaintiffs are also mindful of the inherent difficulties of proof under and possible defenses to the securities law violations asserted in the Litigation.  Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in this Stipulation is in the best interests of Plaintiffs and the Class.

### IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and each of the respective Class Members) and the Settling Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in the Stipulation, the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons or entities who purchased or otherwise acquired Syntax Securities between February 9, 2007 and November 14, 2007. For all claims brought

under the Securities Act of 1933, as opposed to claims under the Securities Exchange Act of 1934, only those persons or entities who purchased or otherwise acquired Syntax Securities in the Company's secondary public offering on May 24, 2007 directly from an underwriter or participating dealer are included. Any purchasers in private offerings by Syntax on March 28, 2007 and August 23, 2007, all Defendants, members of Individual Defendants' families, any entity in which a Defendant has a controlling interest or is a parent or subsidiary of, or is controlled by Syntax, the officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants are excluded. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

1.4     "Class Member" or "Class Members" mean any Person who falls within the definition of the Class as set forth in ¶1.3 of the Stipulation.

1.5     "Class Period" means the time period between February 9, 2007 and November 14, 2007.

1.6     "Defendants" or "Settling Defendants" means the Individual Defendants (as defined in ¶1.11), the Underwriter Defendants (as defined in ¶1.28), and Grobstein (as defined in ¶1.10).

1.7     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.8     "Escrow Agent" means Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.9     "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form and content of Exhibit B attached hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the date of final dismissal of any appeal from the Judgment or the final dismissal of any

1  proceeding on certiorari to review the Judgment.  For purposes of this paragraph, an "appeal"
2  shall not include any appeal that concerns only the issue of attorneys' fees and expenses or
3  the Plan of Allocation of the Settlement Fund.  Any proceeding or order, or any appeal or
4  petition for a writ of certiorari pertaining solely to any plan of distribution and/or application
5  for attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Judgment
6  from becoming Final.

7       1.10   "Grobstein" means Grobstein Horwath & Company LLP and its subsidiaries,
8  divisions, affiliates, predecessors, and successors.

9       1.11   "Individual Defendants" means Man Kit (Thomas) Chow, John S. Hodgson,
10 James Ching Hua Li, Wayne A. Pratt, and Vincent F. Sollitto, Jr.

11      1.12   "Judgment" means the judgment to be rendered by the Court, substantially in
12 the form and content attached hereto as Exhibit B.

13      1.13   "Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP, 655
14 West Broadway, Suite 1900, San Diego, CA 92101.

15      1.14   "Lead Plaintiff" means City of St. Clair Shores Police & Fire Retirement
16 System.

17      1.15   "Liaison Counsel" means Buckley King, 2020 North Central Avenue, Suite
18 1120, Phoenix, AZ 85004.

19      1.16   "Notice Order" means the order described in ¶3.1 hereof.

20      1.17   "Person" means an individual, corporation, partnership, limited partnership,
21 limited liability company, association, joint stock company, estate, legal representative, trust,
22 unincorporated association, government or any political subdivision or agency thereof, and
23 any  business  or  legal  entity  and  their  spouses,  heirs,  predecessors,  successors,
24 representatives, or assignees.

25      1.18   "Plaintiffs" means City of St. Clair Shores Police & Fire Retirement System
26 and City of New Haven Policemen and Firemen's Pension Fund.

27      1.19   "Plaintiffs' Counsel" means any counsel who have appeared for any plaintiff in
28 the Litigation.

1.20   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Settling Defendants and their Related Parties shall have no responsibility therefor or liability with respect thereto.

1.21   "Related Parties" means, with respect to each Settling Defendant, the immediate family members, heirs, executors, administrators, successors, assigns, present and former employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Settling Defendant or in which any Settling Defendant has or had a controlling interest and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, employees, partners, members, principals, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them.

1.22   "Released Claims" means any and all claims, actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, including but not limited to, all claims arising under federal or state law, and whether asserted directly, indirectly, or derivatively (including "Unknown Claims" as defined in ¶1.29), that Plaintiffs or any member of the Class asserted or could have asserted, based upon, arising out of, or relating to, the purchase or acquisition of Syntax Securities between February 9, 2007 and November 14, 2007, and the acts, facts, statements, transactions, or omissions that were or could have been alleged by Plaintiffs in the Litigation.

1.23   "Released Persons" means each and all of the Settling Defendants and each and all of their Related Parties.

1.24   "Settlement Fund" means the Individual Defendants' Settlement Fund, the Underwriter Settlement Fund, and the Grobstein Settlement Fund, to be paid pursuant to ¶¶2.1-2.3 of this Stipulation, plus all interest earned thereon.

1.25   "Settling Parties" means, collectively, each of the Settling Defendants and Plaintiffs on behalf of themselves and each of the Class Members.

1.26   "Syntax" means Syntax-Brillian Corporation and its subsidiaries, divisions, affiliates, predecessors, and successors.

1.27   "Syntax Securities" means Syntax common stock and put and call options.

1.28   "Underwriter Defendants" means Brean Murray, Carret & Co., LLC, Canaccord Adams Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Robert W. Baird & Co. Incorporated, and UBS Securities LLC and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, and successors.

1.29   "Unknown Claims" means all Released Claims which the Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he,

1   she or it now knows or believes to be true with respect to the subject matter of the Released

2   Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each

3   Class Member, upon the Effective Date, shall be deemed to have, and by operation of the

4   Judgment shall have, fully, finally, and forever settled and released, any and all Released

5   Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

6   whether or not concealed or hidden, which now exist, or heretofore have existed, upon any

7   theory of law or equity now existing or coming into existence in the future, including, but not

8   limited to, conduct which is negligent, intentional, with or without malice, or a breach of any

9   duty, law or rule, without regard to the subsequent discovery or existence of such different or

10  additional facts.   Plaintiffs acknowledge, and the Class Members shall be deemed by

11  operation of the Judgment to have acknowledged, that the foregoing waiver was separately

12  bargained for and a key element of the settlement of which this release is a part.

13  **2.      The Settlement**

14  **a.      The Settlement Fund**

15  2.1    The Underwriter Defendants shall pay or cause to be paid the sum of

16  $2,750,000 in cash into an interest-bearing escrow account controlled by the Escrow Agent

17  on or before October 12, 2009 (the "Underwriter Settlement Fund").   Any amounts not

18  timely paid shall bear interest at the rate of 5% per annum until such monies are paid.

19  2.2    The Individual Defendants shall cause Syntax's directors and officers

20  insurance carriers ("D&O Carriers") to pay the sum of $4,750,000 in cash into an interest-

21  bearing escrow account controlled by the Escrow Agent within fifteen (15) business days of

22  execution of the Stipulation (the "Individual Defendants' Settlement Fund").   Any amounts

23  not paid within fourteen (14) days of the deadlines specified in this paragraph shall bear

24  interest at the rate of 5% per annum until such monies are paid.

25  2.3    Grobstein shall pay or cause to be paid the sum of $2,500,000 in cash into an

26  interest-bearing escrow account controlled by the Escrow Agent within fifteen (15) business

27  days of the execution of the Stipulation (the "Grobstein Settlement Fund").   Any amounts

28  not timely paid shall bear interest at the rate of 5% per annum until such amounts are paid.

1

### b.   The Escrow Agent

2    2.4    The Escrow Agent may invest the Settlement Fund deposited pursuant to

3  ¶¶2.1-2.3 in instruments backed by the full faith and credit of the United States Government

4  or fully insured by the United States Government or an agency thereof and shall reinvest the

5  proceeds of these instruments as they mature in similar instruments at their then-current

6  market rates. The Settlement Fund shall bear all risks related to investment of the Settlement

7  Fund.

8    2.5    The Escrow Agent shall not disburse the Settlement Fund except as provided in

9  the Stipulation, by an order of the Court, or with the written agreement of counsel for the

10  Settling Defendants.

11    2.6    Subject to further order and/or direction as may be made by the Court, the

12  Escrow Agent is authorized to execute such transactions on behalf of the Class as are

13  consistent with the terms of the Stipulation.

14    2.7    All funds held by the Escrow Agent shall be deemed and considered to be in

15  *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until

16  such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s)

17  of the Court.

18    2.8    Within five (5) days after payment of the Settlement Fund to the Escrow Agent

19  pursuant to ¶¶2.1-2.3 hereof, the Escrow Agent may establish a single "Notice and

20  Administration Fund," and may deposit up to $200,000 from the Settlement Fund in it,

21  drawn from each of the three separate contributions set forth in ¶¶2.1-2.3, according to the

22  percentage that each such contribution represents to the total amount of the Settlement Fund.

23  The Notice and Administration Fund may be used by the Escrow Agent without further

24  consent of the Settling Defendants or order of the Court to pay costs and expenses

25  reasonably and actually incurred in connection with providing notice to the Class, locating

26  Class Members, soliciting claims, assisting with the filing of claims, administering and

27  distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and

28

1   Release forms, and paying escrow fees and costs, if any.  The Notice and Administration

2   Fund may also be invested and earn interest as provided for in ¶2.4 of this Stipulation.

3           **c.**    **Taxes**

4           2.9    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement

5   Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg.

6   §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or

7   advisable to carry out the provisions of this ¶2.9, including, if necessary, the "relation-back

8   election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date.

9   Such elections shall be made in compliance with the procedures and requirements contained

10  in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of

11  1986, as amended (the "Code").  It shall be the responsibility of the Escrow Agent to timely

12  and properly prepare and deliver the necessary documentation for signature by all necessary

13  parties, and thereafter to cause the appropriate filing to occur.

14          (b)    For the purpose of §1.468B of the Code and the Treasury regulations

15  thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement

16  Fund.  The Escrow Agent shall timely and properly file all informational and other tax

17  returns necessary or advisable with respect to the Settlement Fund (including, without

18  limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the

19  election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall

20  reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income

21  earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in

22  ¶2.9(c) hereof.

23          (c)    All (a) Taxes (including any estimated Taxes, interest, or penalties)

24  arising with respect to the income earned by the Settlement Fund, including any Taxes or tax

25  detriments that may be imposed upon Settling Defendants or their Related Parties with

26  respect to any income earned by the Settlement Fund for any period during which the

27  Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income

28  tax purposes ("Taxes"); and (b) expenses and costs incurred in connection with the operation

1   and implementation of this ¶2.9 (including, without limitation, expenses of tax attorneys

2   and/or accountants and mailing and distribution costs and expenses relating to filing (or

3   failing to file) the returns described in this ¶2.9) ("Tax Expenses"), shall be paid out of the

4   Settlement Fund.  In no event shall Settling Defendants or their Related Parties have any

5   responsibility for or liability with respect to the Taxes or the Tax Expenses. The Settlement

6   Fund shall indemnify and hold each of the Settling Defendants and their Related Parties

7   harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by

8   reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as,

9   and considered to be, a cost of administration of the Settlement Fund and shall be timely paid

10  by the Escrow Agent out of the Settlement Fund without further consent of the Settling

11  Defendants, or prior order from the Court, and the Escrow Agent shall be obligated

12  (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

13  Claimants any funds necessary to pay such amount, including the establishment of adequate

14  reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be

15  withheld under Treas. Reg. §1.468B-2(1)(2)); neither Settling Defendants nor their Related

16  Parties are responsible therefor nor shall they have any liability with respect thereto.  The

17  parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys

18  and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

19          (d)     For the purpose of this ¶2.9, references to the Settlement Fund shall

20  include both the Settlement Fund and the Notice and Administration Fund and shall also

21  include any earnings thereon.

22          **d.    Termination of Settlement**

23      2.10    In the event that the Stipulation is not approved, or is terminated, canceled, or

24  fails to become effective for any reason, the Settlement Fund (including accrued interest),

25  plus any amount then remaining in the Notice and Administration Fund (including accrued

26  interest), less expenses and Taxes and Tax Expenses incurred or due and owing in

27  connection with the settlement provided for herein shall be refunded to the Settling

28  Defendants and the D&O Carriers as provided in ¶¶7.3-7.6 below.

**3.     Notice Order and Settlement Hearing**

3.1     As soon as practicable after execution of the Stipulation, counsel for Plaintiffs shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Notice Order, substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for mailing the Notice of Proposed Settlement of Class Action (the "Notice"), substantially in the form and content of Exhibit A-1 attached hereto and publication of a Summary Notice substantially in the form and content of Exhibit A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation and the date of the Settlement Hearing as defined below.

3.2     Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and finally approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.     Releases, Judgment, Credit, and Covenant Not to Sue**

4.1     Upon the Effective Date, as defined in ¶1.7 hereof, Plaintiffs and each of the Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, representatives, agents, successors, and assigns, including, without limitation, their successors-in-interest immediate and remote, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons whether or not such Class Member executes and delivers a Proof of Claim and Release form.

4.2     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

4.3     Plaintiffs and each of the Class Members agree and covenant not to file or pursue any claim against the Settling Defendants between the date of this Stipulation and the Effective Date, except to enforce the terms of this Stipulation.  The Settling Defendants agree and covenant not to pursue any claim against Plaintiffs between the date of this Stipulation and the Effective Date, except to enforce the terms of this Stipulation.  The parties agree that if the settlement does not become Final, the period of time between the execution of this Stipulation and the Effective Date shall not be counted for purposes of any defense based on passage of time.

4.4     The Judgment shall include a bar order permanently and forever barring and enjoining any Released Person from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively or in any other capacity, any claim, counterclaim, cross-claim, third-party claim or other action against any other Released Person or any Class Member based on or seeking full or partial recovery of any damages or monetary loss (including settlement payments and attorneys' fees and litigation costs) incurred as a result of being named as a Defendant in this Litigation, including without limitation any claim or action seeking indemnification or contribution for any such damages or loss incurred as a result of being named a Defendant in this Litigation, however denominated.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

5.1     The Claims Administrator shall administer and calculate the claims submitted by Class Members.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

1               (b)     to pay the Taxes and Tax Expenses described in ¶2.9 hereof;

2               (c)     to pay Plaintiffs' Counsel's attorneys' fees and expenses with interest

3  thereon (the "Fee and Expense Award"), and Plaintiffs' expenses when, if and to the extent

4  allowed by the Court; and

5               (d)     to distribute the balance of the Settlement Fund (the "Net Settlement

6  Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the

7  Court.

8       5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the

9  Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court

10  as may be necessary or as circumstances may require, the Net Settlement Fund shall be

11  distributed to Authorized Claimants, subject to and in accordance with the terms of this

12  Stipulation.

13      5.4    Within ninety (90) days after such time as set by the Court to mail notice to the

14  Class, each Person claiming to be an Authorized Claimant shall be required to submit to the

15  Claims Administrator a completed Proof of Claim and Release form, substantially in a form

16  approved by the Court, signed under penalty of perjury and supported by such documents as

17  are specified in the Proof of Claim and Release form and as are reasonably available to the

18  Authorized Claimant.

19      5.5    Except as otherwise ordered by the Court, all Class Members who fail to

20  timely submit a Proof of Claim and Release form within such period, or such other period as

21  may be ordered by the Court, shall be forever barred from receiving any payments pursuant

22  to the Stipulation and the settlement set forth herein, but will in all other respects be subject

23  to and bound by the provisions of the Stipulation, the releases contained herein, and the

24  Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for

25  processing late submitted claims so long as the distribution of the Net Settlement Fund to

26  Authorized Claimants is not materially delayed.

27      5.6    The Net Settlement Fund shall be distributed to the Authorized Claimants

28  substantially in accordance with a Plan of Allocation to be described in the Notice and

1   approved by the Court. If there is any balance remaining in the Net Settlement Fund after six

2   (6) months from the date of distribution of the Net Settlement Fund (whether by reason of

3   tax refunds, uncashed checks, or otherwise), Lead Counsel shall, if feasible, reallocate such

4   balance among Authorized Claimants who deposited the checks sent in the initial distribution

5   in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net

6   Settlement Fund shall be donated to an appropriate non-profit organization designated by

7   Lead Counsel.

8        5.7   This is not a claims-made settlement.  Accordingly, once all conditions of the

9   Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund

10  will be returned to the Settling Defendants or their insurers.  Settling Defendants and their

11  Related Parties shall have no responsibility for, interest in, or liability whatsoever with

12  respect to the distribution of the Settlement Fund, the Plan of Allocation, the determination,

13  administration, or calculation of claims, the payment or withholding of Taxes or Tax

14  Expenses, or any losses incurred in connection therewith.

15       5.8   No Person shall have any claim against Plaintiffs, the Escrow Agent, Plaintiffs'

16  Counsel, the Settling Defendants, the Claims Administrator, or other entity designated by

17  Lead Counsel based on distributions made substantially in accordance with the Stipulation

18  and the settlement contained herein, a Court-approved Plan of Allocation, or further order(s)

19  of the Court.

20       5.9   It is understood and agreed by the Settling Parties that any proposed Plan of

21  Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an

22  Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be

23  considered by the Court separately from the Court's consideration of the fairness,

24  reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or

25  proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the

26  Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the

27  settlement set forth therein, or any other orders entered pursuant to the Stipulation.

28

**6.**     **Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1     Plaintiffs' Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for (a) an award of reasonable attorneys' fees from the Settlement Fund; plus (b) payment of expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid); and (c) payment of Plaintiffs' expenses pursuant to 15 U.S.C. §78u-4(a)(4) and 15 U.S.C §77z-1(a)(4). Plaintiffs' Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees in a manner in which they in good faith believe reflects the contributions of Plaintiffs' Counsel to the prosecution and settlement of the Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiffs' Counsel shall within five (5) business days from receiving notice from Settling Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon in an amount consistent with such reversal or modification. Each such Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Plaintiffs' Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement

set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4    Settling Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and expenses to Plaintiffs' Counsel which shall be paid from the Settlement Fund.

6.5    Settling Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    the contributions to the Settlement Fund have been made, as required by ¶¶2.1-2.3 hereof;

(b)    with respect to only the Underwriter Defendants, they have not exercised their option to terminate the Stipulation pursuant to ¶7.9 hereof;

(c)    with respect to only the Individual Defendants, they have not exercised their option to terminate the Stipulation pursuant to ¶7.10 hereof;

(d)    the Court has entered the Notice Order, as required by ¶3.1 hereof;

(e)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(f)    the Judgment has become Final, as defined in ¶1.9 hereof.

1    7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all

2    remaining interest or right of Settling Defendants in or to the Settlement Fund, if any, shall

3    be absolutely and forever extinguished.   If all of the conditions specified in ¶7.1 hereof are

4    not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless

5    Lead Counsel and counsel for Settling Defendants mutually agree in writing to proceed with

6    the Stipulation.   If the settlement does not become effective with respect to any particular

7    Settling Defendant(s), the settlement will still be considered effective if all of the conditions

8    of ¶7.1 have occurred with respect to all other Settling Defendants.

9    7.3    In the event the Stipulation shall terminate, be cancelled or not become

10   effective for any reason with respect to the Underwriter Defendants and to the extent the

11   Underwriter Settlement Fund has been paid pursuant to ¶2.1, the principle and interest in the

12   Underwriter Settlement Fund shall be refunded to the Underwriter Defendants pursuant to

13   instructions from their counsel less any amounts actually and properly disbursed from the

14   Underwriter Defendants' percentage share of the Notice and Administration Fund and any

15   expenses already incurred and properly chargeable to the Notice and Administration Fund at

16   the time of such termination or cancellation, but which have not been paid by the Escrow

17   Agent in accordance with the terms of the Stipulation prior to the balance being refunded in

18   accordance with the Stipulation.   In addition, the amount refunded will be less the amounts

19   actually incurred for taxes paid or owed on the Underwriter Settlement Fund or taxes and tax

20   expense accrued and due at the time of such cancellation or termination, but that have not

21   been paid, shall be paid or retained in escrow by the Escrow Agent in accordance with the

22   terms of the Stipulation prior to the balance being refunded.   At the request of the

23   Underwriter Defendants, the Escrow Agent or its designee shall apply for any tax refund

24   owed on the Underwriter Settlement Fund and pay the proceeds to the Underwriter

25   Defendants.   Moreover, the provisions of ¶7.7 shall apply.

26   7.4    In the event the Stipulation shall terminate, be cancelled or not become

27   effective for any reason with respect to the Individual Defendants and to the extent the

28   Individual Defendants' Settlement Fund has been paid pursuant to ¶2.2, the principle and

1  interest in the Individual Defendants' Settlement Fund shall be refunded to the D&O Carriers

2  in proportion to the D&O Carriers' respective contributions to the settlement on behalf of the

3  Individuals Defendants, pursuant to instructions from counsel for the Individual Defendants,

4  less any amounts actually and properly disbursed from the Individual Defendants'

5  percentage share of the Notice and Administration Fund and any expenses already incurred

6  and properly chargeable to the Notice and Administration Fund at the time of such

7  termination or cancellation, but which have not been paid by the Escrow Agent in

8  accordance with the terms of the Stipulation prior to the balance being refunded in

9  accordance with the Stipulation.  In addition, the amount refunded will be less the amounts

10  actually incurred for taxes paid or owed on the Individual Defendants' Settlement Fund or

11  taxes and tax expense accrued and due at the time of such cancellation or termination, but

12  that have not been paid, shall be paid or retained in escrow by the Escrow Agent in

13  accordance with the terms of the Stipulation prior to the balance being refunded.  At the

14  request of the Individual Defendants, the Escrow Agent or its designee shall apply for any

15  tax refund owed on the Individual Defendants' Settlement Fund and pay the proceeds to the

16  Individual Defendants.  Any such tax refund shall be refunded to the D&O Carriers in

17  proportion to the D&O Carriers' respective contributions to the settlement on behalf of the

18  Individual Defendants.  Moreover, the provisions of ¶7.7 shall apply.

19      7.5      In the event the Stipulation shall terminate, be cancelled or not become

20  effective for any reason with respect to Grobstein and to the extent the Grobstein Settlement

21  Fund has been paid pursuant to ¶2.3, the Grobstein Settlement Fund shall be refunded to

22  Grobstein pursuant to instructions from their counsel less any amounts actually and properly

23  disbursed from Grobstein's percentage share of the Notice and Administration Fund and any

24  expenses already incurred and properly chargeable to the Notice and Administration Fund at

25  the time of such termination or cancellation, but which have not been paid by the Escrow

26  Agent in accordance with the terms of the Stipulation prior to the balance being refunded in

27  accordance with the Stipulation.  In addition, the amount refunded will be less the amounts

28  actually incurred for taxes paid or owed on the Grobstein Settlement Fund or taxes and tax

1  expense accrued and due at the time of such cancellation or termination, but that have not

2  been paid, shall be paid or retained in escrow by the Escrow Agent in accordance with the

3  terms of the Stipulation prior to the balance being refunded. At the request of Grobstein, the

4  Escrow Agent or its designee shall apply for any tax refund owed on the Grobstein

5  Settlement Fund and pay the proceeds to Grobstein. Moreover, the provisions of ¶7.7 shall

6  apply.

7  7.6    Unless otherwise ordered by the Court, in the event the Stipulation shall

8  terminate, or be canceled, or shall not become effective for any reason with respect to all

9  Defendants, within five (5) business days after written notification of such event is sent by

10  counsel for Settling Defendants or Lead Counsel to the Escrow Agent, subject to the terms of

11  ¶2.9 hereof, the Settlement Fund (including accrued interest), plus any amount then

12  remaining in the Notice and Administration Fund (including accrued interest), less expenses

13  and any costs which have either been disbursed pursuant to ¶2.7 hereof or are determined to

14  be chargeable to the Notice and Administration Fund, including Taxes and Tax Expenses,

15  shall be refunded by the Escrow Agent to the Settling Defendants and the D&O Carriers in

16  proportion to the amounts initially contributed by each except that any expenses properly

17  incurred or accrued by the Notice and Administration Fund shall be deducted from the share

18  in proportion to the amount paid by each Settling Defendant in ¶¶2.1-2.3. At the request of

19  counsel for Settling Defendants, the Escrow Agent or its designee shall apply for any tax

20  refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or

21  expenses incurred in connection with such application(s) for refund, to the Settling

22  Defendants and the D&O Carriers in proportion to the amounts initially contributed.

23  7.7    In the event that the Stipulation is not approved by the Court or the settlement

24  set forth in the Stipulation is terminated or fails to become effective in accordance with its

25  terms, the Settling Parties shall be restored to their respective positions in the Litigation as of

26  October 28, 2009. In such event, the terms and provisions of the Stipulation (including the

27  recitals set forth above), with the exception of ¶¶2.9, 7.3-7.8 hereof, shall have no further

28  force and effect with respect to the Settling Parties and shall not be used in the Litigation or

in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Award shall constitute grounds for cancellation or termination of the Stipulation.

7.8     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice and Administration Fund.  In addition, any expenses already incurred and properly chargeable to the Notice and Administration Fund pursuant to ¶2.7 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.9 and 7.3-7.6 hereof.

7.9     If prior to the Settlement Hearing, the aggregate number of shares of Syntax common stock purchased or acquired by the Class Members in the Company's secondary public offering on May 24, 2007 directly from an underwriter or participating dealer who would otherwise be members of the Class, but who request exclusion from that Class, exceeds the sum specified in a separate supplemental agreement between Plaintiffs and the Underwriter Defendants (the "Underwriter Supplemental Agreement"), the Underwriter Defendants shall have, in their sole and absolute discretion (which must be unanimously exercised), the option to terminate this Stipulation as to only the Underwriter Defendants in accordance with the procedures set forth in the Underwriter Supplemental Agreement.  The Underwriter Supplemental Agreement will not be filed with the Court unless required by court rule or unless and until a dispute as between Plaintiffs and the Underwriter Defendants concerning its interpretation or application arises.

7.10     If prior to the Settlement Hearing, the aggregate number of shares of Syntax common stock purchased or acquired between February 9, 2007 and November 14, 2007, who would otherwise be members of the Class, but who request exclusion from the Class,

1   exceeds the sum specified in a separate supplemental agreement between Plaintiffs and the

2   Individual Defendants (the "Individual Defendant Supplemental Agreement"), the Individual

3   Defendants shall have in their sole and absolute discretion (which must be unanimously

4   exercised), the option to terminate this Stipulation as to only the Individual Defendants in

5   accordance with the procedures set forth in the Individual Defendant Supplemental

6   Agreement.  The Individual Defendant Supplemental Agreement will not be filed with the

7   Court unless required by court rule or unless and until a dispute as between Plaintiffs and the

8   Individual Defendants concerning its interpretation or application arises.

9         **8.**     **No Admission of Wrongdoing**

10       8.1     Neither the Stipulation nor the settlement contained therein, whether or not

11   consummated, nor any negotiations, discussions, proceedings, acts performed or documents

12   executed pursuant to or in furtherance of the Stipulation or the settlement is or may be:

13           (a)     deemed to be or may be used as an admission of, or evidence of, the

14   validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any

15   Settling Defendant;

16           (b)     offered or received against any Settling Defendant as evidence of a

17   presumption, concession, admission of any fault, misrepresentation, or omission with respect

18   to any statement or written document approved or made by any Settling Defendant, or

19   against the Lead Plaintiff or any Class Member as evidence of any infirmity in the claims of

20   the Lead Plaintiff and the Class;

21           (c)     deemed to be or may be used as an admission of, or evidence of, any

22   fault or omission of any Settling Defendant in any civil, criminal, or administrative action or

23   proceeding in any court, administrative agency, or other tribunal, other than such

24   proceedings as may be necessary to effectuate the provisions of this Stipulation; provided,

25   however, that if this Stipulation is approved by the Court, Settling Defendants and their

26   Related Parties may refer to it to effectuate the release granted them hereunder;

27

28

(d)      construed against Settling Defendants, Plaintiffs, or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

**9.      Miscellaneous Provisions**

9.1      The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2      This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement(s) constitute the entire agreement between the Settling Parties with regard to the subject matter hereof and supersedes any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.

9.3      No modification or amendment of this Stipulation shall be valid unless made in writing and signed by or on behalf of each party hereto, or their respective successors-in-interest.   No representations, warranties, or inducements have been made to any party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided for herein, each party shall bear his, her, or its own costs.

9.4      The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.   The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.   The Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.   The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.   The Settling Parties reserve their right to rebut,

1    in a manner that such party determines to be appropriate, any contention made in any public

2    forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

3        9.5    The settlement shall not impair any rights that the Settling Defendants have

4    against Syntax, including, but not limited to, any of the Settling Defendants' proofs of claim

5    in Syntax's bankruptcy proceeding.

6        9.6    Settling Defendants and/or their Related Parties may file the Stipulation and/or

7    the Judgment in any action that may be brought against them in order to support a defense,

8    claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good

9    faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

10    preclusion or similar defense or counterclaim.

11        9.7    All agreements made and orders entered during the course of the Litigation

12    relating to the confidentiality of information shall survive this Stipulation.

13        9.8    All of the Exhibits to the Stipulation are material and integral parts hereof and

14    are fully incorporated herein by this reference.

15        9.9    Lead Counsel, on behalf of the Class, are expressly authorized by Plaintiffs to

16    take all appropriate action required or permitted to be taken by the Class pursuant to the

17    Stipulation to effectuate its terms and also are expressly authorized to enter into any

18    modifications or amendments to the Stipulation on behalf of the Class which they deem

19    appropriate.

20        9.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on

21    behalf of any party hereto hereby warrants that such Person has the full authority to do so.

22        9.11    The Stipulation may be executed in one or more counterparts, including by

23    signature transmitted by facsimile or email. All executed counterparts and each of them shall

24    be deemed to be one and the same instrument.

25        9.12    The Stipulation shall be binding upon, and inure to the benefit of, the

26    successors and assigns of the Settling Parties.

27        9.13    The Court shall retain jurisdiction with respect to implementation and

28    enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction

of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

9.14    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

9.15    If a case is commenced with respect to any Settling Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of the Settling Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of such Settling Defendant pursuant to this Stipulation, which releases and the Judgment shall be null and void, and any other cash amounts in the Settlement Fund paid by or on behalf of such affected Settling Defendant shall be returned as provided herein.

9.16    The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Arizona, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Arizona without giving effect to that state's choice-of-law principles.

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

2    executed, by their duly authorized attorneys dated as of October 28, 2009.

3                                    BUCKLEY KING
                                     MICHAEL SALCIDO
4                                    2020 North Central Avenue, Suite 1120
                                     Phoenix, AZ  85004
5                                    Telephone:  602/424-2550
                                     602/424-2566 (fax)
6
                                     Liaison Counsel
7
                                     COUGHLIN STOIA GELLER
8                                      RUDMAN & ROBBINS LLP
                                     G. PAUL HOWES
9                                    DANIEL S. DROSMAN
                                     JEFFREY D. LIGHT
10                                   SCOTT H. SAHAM
                                     DEBRA J. WYMAN
11                                   SAMANTHA A. SMITH
                                     SHANNON M. MATERA
12                                   JENNIFER Y. LAI

13

14                                   _Jeff Light by Bettra Barta w/ permission_

15                                        JEFFREY D. LIGHT

                                     655 West Broadway, Suite 1900
16                                   San Diego, CA  92101
                                     Telephone:  619/231-1058
17                                   619/231-7423 (fax)

18                                   COUGHLIN STOIA GELLER
                                       RUDMAN & ROBBINS LLP
19                                   EX KANO S. SAMS II
                                     9601 Wilshire Blvd., Suite 510
20                                   Los Angeles, CA  90210
                                     Telephone:  310/859-3100
21                                   310/278-2148 (fax)

22                                   Lead Counsel for Plaintiffs

23                                   VANOVERBEKE MICHAUD
                                       & TIMMONY, P.C.
24                                   MICHAEL J. VANOVERBEKE
                                     THOMAS C. MICHAUD
25                                   79 Alfred Street
                                     Detroit, MI  48201
26                                   Telephone:  313/578-1200
                                     313/578-1201 (fax)
27
                                     Additional Counsel for Plaintiffs
28

- 27 -

GIBSON, DUNN & CRUTCHER LLP
JONATHAN C. DICKEY

_Jonathan C Dickey_

JONATHAN C. DICKEY

200 Park Avenue, 47th Floor
New York, NY 10166-0193
Telephone: 212/351-4000
212/351-4035 (fax)

Counsel for Merrill Lynch, Pierce, Fenner &
Smith Incorporated, UBS Securities LLC,
Robert W. Baird & Co. Incorporated,
Canaccord Adams Inc., and Brean Murray,
Carret & Co., LLC

GARRETT & TULLY, P.C.
EFREN A. COMPEAN

_____

EFREN A. COMPEAN

225 South Lake Avenue, Suite 1400
Pasadena, CA 91101
Telephone: 626/577-9500
626/577-0813 (fax)

Counsel for Grobstein Horwath & Company
LLP

IRELL & MANELLA LLP
CRAIG VARNEN

_____

CRAIG VARNEN

1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: 310/277-1010
310/203-7199 (fax)

Counsel for Wayne A. Pratt and Vincent F.
Sollitto, Jr.

1

2       GIBSON, DUNN & CRUTCHER LLP
        JONATHAN C. DICKEY

3

4

5       _____
                JONATHAN C. DICKEY

6       200 Park Avenue, 47th Floor
        New York, NY  10166-0193
7       Telephone: 212/351-4000
        212/351-4035 (fax)

8
        Counsel for Merrill Lynch, Pierce, Fenner &
9       Smith Incorporated, UBS Securities LLC,
        Robert W. Baird & Co. Incorporated,
10      Canaccord Adams Inc., and Brean Murray,
        Carret & Co., LLC

11
        GARRETT & TULLY, P.C.
12      EFREN A. COMPEAN

13

14      _____
               EFREN A. COMPEAN

15
        225 South Lake Avenue, Suite 1400
16      Pasadena, CA 91101
        Telephone:  626/577-9500
17      626/577-0813 (fax)

18      Counsel for Grobstein Horwath & Company
        LLP

19
        IRELL & MANELLA LLP
20      CRAIG VARNEN

21

22

23      _____
                 CRAIG VARNEN

24      1800 Avenue of the Stars, Suite 900
        Los Angeles, CA 90067-4276
25      Telephone:  310/277-1010
        310/203-7199 (fax)

26      Counsel for Wayne A. Pratt and Vincent F.
        Sollitto, Jr.

27

28

                            - 28 -

GIBSON, DUNN & CRUTCHER LLP
JONATHAN C. DICKEY

---

JONATHAN C. DICKEY

200 Park Avenue, 47th Floor
New York, NY  10166-0193
Telephone:  212/351-4000
212/351-4035 (fax)

Counsel for Merrill Lynch, Pierce, Fenner &
Smith Incorporated, UBS Securities LLC,
Robert W. Baird & Co. Incorporated,
Canaccord Adams Inc., and Brean Murray,
Carret & Co., LLC

GARRETT & TULLY, P.C.
EFREN A. COMPEAN

---

EFREN A. COMPEAN

225 South Lake Avenue, Suite 1400
Pasadena, CA 91101
Telephone:  626/577-9500
626/577-0813 (fax)

Counsel for Grobstein Horwath & Company
LLP

IRELL & MANELLA LLP
CRAIG VARNEN

---

CRAIG VARNEN

1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone:  310/277-1010
310/203-7199 (fax)

Counsel for Wayne A. Pratt and Vincent F.
Sollitto, Jr.

1

2

MUNGER, TOLLES & OLSON LLP
BRUCE ABBOTT

3

4

_____
BRUCE ABBOTT

5

6

7

355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: 213/683-9100
213/687-3702 (fax)

8

Counsel for John S. Hodgson

9

BINGHAM McCUTCHEN LLP
JOHN PERNICK

10

11

12

_____
JOHN PERNICK

13

14

355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071
Telephone: 213/680-6400
213/680-6499 (fax)

15

16

Counsel for Man Kit (Thomas) Chow and
James Ching Hua Li

17

C:\Documents and Settings\abbottba\Local Settings\Temporary Internet Files\OLK26\(v3) STP00061774.doc

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUNGER, TOLLES & OLSON LLP
BRUCE ABBOTT

_____
BRUCE ABBOTT

355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Telephone:  213/683-9100
213/687-3702 (fax)

Counsel for John S. Hodgson

BINGHAM McCUTCHEN LLP
JOHN PERNICK

_____
JOHN PERNICK

355 South Grand Avenue, Suite 4400
Los Angeles, CA  90071
Telephone:  213/680-6400
213/680-6499 (fax)

Counsel for Man Kit (Thomas) Chow and
James Ching Hua Li

C:\Documents and Settings\pernicjd\Local Settings\Temporary Internet Files\OLKE\(v3) STP00061774 (2).doc

- 29 -

CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 3, 2009.

s/Jeffrey D. Light
JEFFREY D. LIGHT

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  jeffl@csgrr.com

# Mailing Information for a Case 2:07-cv-02204-FJM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Bruce A Abbott**
  Bruce.Abbott@mto.com,Valentina.Neufeld@mto.com

- **Joseph G Adams**
  jgadams@swlaw.com,mgarsha@swlaw.com,docket@swlaw.com

- **Shaunt T Arevian**
  sarevian@irell.com

- **Jonathan E Behar**
  jbehar@csgrr.com,jbehar@csgrr.com,aromero@csgrr.com

- **James J Belanger**
  jbelanger@csblaw.com,ejames@csblaw.com

- **Maureen Beyers**
  mbeyers@omlaw.com,lsmock@omlaw.com,ecfdc@omlaw.com

- **Avi Braz**
  avi.braz@mto.com

- **Gustavo Fabian Bruckner**
  bruckner@whafh.com

- **H Michael Clyde**
  MClyde@perkinscoie.com,docketphx@perkinscoie.com,lsandoval@perkinscoie.com

- **Sean K Collins**
  scollins@csgrr.com,scollins@csgrr.com,keagen@csgrr.com

- **Efren A Compean**
  ecompean@garrett-tully.com

- **Christopher Robert Cowan**
  ccowan@irell.com

- **Michelle Craven**
  mcraven@gibsondunn.com

- **Jonathan Cobb Dickey**
  jdickey@gibsondunn.com

- **Daniel S Drosman**
  ddrosman@csgrr.com,tholindrake@csgrr.com

- **Douglas H Fitch**
  dfitch@jbhhlaw.com,mterry@jbhhlaw.com

- **Andrew S Friedman**
  afriedman@bffb.com,rcreech@bffb.com,ngerminaro@bffb.com

- **Francis M Gregorek**
  gregorek@whafh.com

- **Susan L Hoffman**
  susan.hoffman@bingham.com,gloria.moonesinghe@bingham.com

- **Joel Philip Hoxie**
  jhoxie@swlaw.com,jkfisher@swlaw.com,docket@swlaw.com

- **Mark P Hummels**
  mhummels@omlaw.com,bwendt@omlaw.com,ecfdc@omlaw.com

- **Jennifer Y Lai**
  jlai@csgrr.com

- **James Raza Lawrence**
  razalawrence@gmail.com

- **Rebecca Justice Lazarus**
  rjustice@gibsondunn.com,rmcbain@gibsondunn.com

- **Daniel P Lefler**
  dlefler@irell.com

- **Frank Lewis**
  franklewis@aol.com

- **Jeffrey D Light**
  jeffl@csgrr.com,jstark@csgrr.com

- **John L Lin**
  jlin@garrett-tully.com

- **Jennifer Lopez**
  jennifer.lopez@bingham.com

- **Robert A Mandel**
  mandelr@gtlaw.com,coles@gtlaw.com

- **Shannon McKenna Matera**
  smatera@csgrr.com,Hkharadjian@csgrr.com,Rduenez@csgrr.com

- **Kevin Michael McGee**
  kmcgee@zsz.com

- **Gregory Mark Nespole**
  nespole@whafh.com

- **John David Pernick**
  john.pernick@bingham.com,frank.downing@bingham.com

- **Patricia Lee Refo**
  prefo@swlaw.com,jaltendorf@swlaw.com,docket@swlaw.com

- **Darren J Robbins**
  darrenr@csgrr.com,E_File_SD@csgrr.com

- **Hart Lawrence Robinovitch**
  hlr@zimmreed.com,sab@zimmreed.com,az.clerk@zimmreed.com,hart.robinovitch@zimmreed.com

- **David B Rosenbaum**
  drosenbaum@omlaw.com,kdourlein@omlaw.com,ecfdc@omlaw.com

- **Michael Salcido**
  salcido@buckleyking.com,kennelly@buckleyking.com

- **Ex Kano S Sams , II**
  exkanos@csgrr.com,exkanos@csgrr.com

- **Brian Jay Schulman**
  schulmanb@gtlaw.com,fischerc@gtlaw.com

- **Robert F Serio**
  rserio@gibsondunn.com

- **Rebecca K Setlow**
  RSetlow@perkinscoie.com,docketphx@perkinscoie.com,rweidner@perkinscoie.com

- **Charlene S Shimada**
  charlene.shimada@bingham.com,frank.downing@bingham.com

- **Laura Elizabeth Sixkiller**
  sixkillerl@gtlaw.com,hinkell@gtlaw.com

- **Samantha A Smith**
  ssmith@csgrr.com

- **Richard A Speirs**
  rspeirs@zsz.com,dlanier@zsz.com

- **Lee Squitieri**
  lee@sfclasslaw.com

- **Stephen J Tully**
  stully@garrett-tully.com

- **Craig Varnen**
  cvarnen@irell.com

- **Frank Verderame**
  fverderame@plattner-verderame.com,edegrave@plattner-verderame.com

- **E Jeffrey Walsh**
  walshj@gtlaw.com,bergerp@gtlaw.com

- **Lillie A Werner**
  lwerner@irell.com

- **Debra J Wyman**
  debraw@csgrr.com

- **Joseph J Ybarra**
  joseph.ybarra@mto.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

**Manual Notice**

Michael J. VanOverbeke
Thomas C. Michaud
VanOverbeke Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201
    313/578-1200
    313/578-1201 (Fax)