UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| TEIMURAZ TSIREKIDZE, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SYNTAX-BRILLIAN CORP., et al.,<br><br>Defendants. | No. 2:07-cv-02204-FJM<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, a consolidated class action is pending before the Court entitled *Tsirekidze v. Syntax-Brillian Corp., et al.*, No. 2:07-cv-02204-FJM (the "Litigation"); and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation; and

WHEREAS, the Court has received the Stipulation of Settlement dated as of October 28, 2009 (the "Stipulation"), that has been entered into by Plaintiffs, the Underwriter Defendants, Grobstein Horwath & Company LLP, and the Individual Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application (doc. 344), pursuant to Federal Rules of Civil Procedure 23(e) for an order preliminarily approving the settlement of the Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for

dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on February 12, 2010 at 2:00 p.m. at the Sandra Day O'Connor United States Courthouse, United States District Court, District of Arizona, 401 West Washington Street, Phoenix, Arizona, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the Judgment as provided in ¶1.12 of the Stipulation should be entered herein; whether the proposed Plan of Allocation for distributing the settlement proceeds among Class Members should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel and to Plaintiffs for their expenses. The Court may adjourn the Settlement Hearing without further notice to members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified a Class defined as all Persons or entities who purchased or otherwise acquired Syntax Securities between February 9, 2007 and November 14, 2007. For all claims brought under the Securities Act of 1933, as opposed to claims under the Securities Exchange Act of 1934, only those persons or entities who purchased or otherwise acquired Syntax Securities in the Company's secondary public offering on May 24, 2007 directly from an underwriter or participating dealer are included. Any purchasers in private offerings by Syntax on March 28, 2007 and August 23, 2007, all Defendants, members of Individual Defendants' families, any entity in which a Defendant has a controlling interest or is a parent or subsidiary of, or is controlled by Syntax, the officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants are excluded. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

4. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2, and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶6-7 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

6. Not later than November 20, 2009, (the "Notice Date"), a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort;

7. Not later than November 20, 2009, a copy of the Summary Notice shall be published once in *Investor's Business Daily*; and

8. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Settling Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

9. Nominees who purchased or acquired Syntax Securities during the period beginning February 9, 2007 through November 14, 2007, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such Syntax Securities within twenty (20) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within twenty (20) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other

nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10. All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

11. Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund but shall nonetheless be bound by the terms of the Judgment, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

12. Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

13. Any member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

14. Any member of the Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel, or why Plaintiffs' expenses should or

should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or an award of expenses to Plaintiffs, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received on or before January 22, 2010, by: Coughlin Stoia Geller Rudman & Robbins LLP, Jeffrey D. Light, 655 West Broadway, Suite 1900, San Diego, CA 92101; Gibson, Dunn & Crutcher LLP, Jonathan C. Dickey, 200 Park Avenue, 47th Floor, New York, NY 10166-0193; Garrett & Tully, P.C., Efren A. Compean, 225 South Lake Avenue, Suite 1400, Pasadena, CA 91101; and Irell & Manella LLP, Craig Varnen, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067-4276, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Arizona, on or before January 22, 2010.  Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and expenses to Plaintiffs' Counsel, or to the award of expenses to Plaintiffs, unless otherwise ordered by the Court.

15. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the settlement.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All papers in support of the settlement, the Plan of Allocation, and the application by Plaintiffs' Counsel for an award of attorneys' fees and expenses shall be filed

and served fourteen (14) calendar days before the date for Class Members to object to any aspect of the settlement identified in ¶14 above. All reply papers shall be filed and served seven (7) calendar days before the Settlement Hearing.

18. The Released Persons shall not have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses shall be approved.

20. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice and Administration Fund or any amounts due and owing in connection with administering the settlement.

21. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Settling Defendants or their respective Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

22. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

23. The court reaffirms the schedule as follows:

| | |
|---|---|
| Notice Date | November 20, 2009 |
| Submit Claims and Request Exclusions | January 8, 2010 |
| Objections | January 22, 2010 |
| Reply | January 29, 2010 |
| Hearing | February 12, 2010 at 2:00 p.m. |

Dated this 8th day of November, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 7 -