UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| TEIMURAZ TSIREKIDZE, On Behalf of Himself and All Others Similarly Situated, ) ) ) | No. 2:07-cv-02204-FJM **(Consolidated)** |
| Plaintiff, ) ) | CLASS ACTION |
| vs. ) ) SYNTAX-BRILLIAN CORP., et al., ) ) Defendants. ) ) | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to an Order of this Court, dated November 8, 2009, on the application of the Plaintiffs and Defendants for approval of the settlement set forth in the Stipulation of Settlement dated as of October 28, 2009 (the "Stipulation").  Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1.    This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

    2.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to Plaintiffs and the other members of the Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Plaintiffs, the Class, and each of the Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Class Members, and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Plaintiffs and the Defendants are hereby directed to perform the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies a Class of all Persons or entities who purchased or otherwise acquired Syntax-Brillian Corporation securities between February 9, 2007 and November 14, 2007. For all claims brought under the Securities Act of 1933, as opposed to claims under the Securities Exchange Act of 1934, only those persons or entities who purchased or otherwise acquired Syntax-Brillian securities in the Company's secondary public offering on May 24, 2007 directly from an underwriter or participating dealer are included. Any purchasers in private offerings by Syntax-Brillian on March 28, 2007 and August 23, 2007, all Defendants, members of Individual Defendants' families, any entity in which a Defendant has a controlling interest or is a parent or subsidiary of, or is controlled by Syntax-Brillian, the officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants are excluded. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class.

6. With respect to the Class, the Court finds that (a) the members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) the Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7. Upon the Effective Date, Plaintiffs and each of the Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, representatives, agents, successors, and assigns, including, without limitation, their successors-in-interest, immediate and remote, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons whether or not such Class Member executes and delivers a Proof of Claim and Release form.

8. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

9. Plaintiffs and each of the Class Members agree and covenant not to file or pursue any claim against the Settling Defendants between the date of this Judgment and the Effective Date except to enforce the terms of the Stipulation. Similarly, between the date of

1  this Judgment and the Effective Date, the Settling Defendants agree and covenant not to
2  move to have any of Plaintiffs' claims asserted against them dismissed or to take any other
3  action in the Litigation, except to enforce the terms of the Stipulation.  If the settlement does
4  not become Final, the period of time between the date of this Judgment and the Effective
5  Date shall not be counted for purposes of any defense based on passage of time.

6        10.    Upon the Effective Date, each of the Released Persons shall be permanently
7  and forever barred and enjoined from filing, commencing, instituting, prosecuting or
8  maintaining, either directly, indirectly, representatively or in any other capacity, any claim,
9  counterclaim, cross-claim, third-party claim or other action against any other Released
10 Person or any Class Member based on or seeking full or partial recovery of any damages or
11 monetary loss (including settlement payments and attorneys' fees and litigation costs)
12 incurred as a result of being named as a Defendant in this Litigation, including without
13 limitation any claim or action seeking indemnification or contribution for any such damages
14 or loss incurred as a result of being named a Defendant in this Litigation, however
15 denominated.

16       11.    The distribution of the Notice of Proposed Settlement of Class Action and the
17 publication of the Summary Notice as provided for in the Order Preliminarily Approving
18 Settlement and Providing for Notice constituted the best notice practicable under the
19 circumstances, including individual notice to all members of the Class who could be
20 identified through reasonable effort.  Said notice provided the best notice practicable under
21 the circumstances of those proceedings and of the matters set forth therein, including the
22 proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and
23 said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the
24 requirements of due process, and any other applicable law.

25       12.    Any plan of allocation submitted by Lead Counsel or any order entered
26 regarding the attorneys' fee and expense application shall in no way disturb or affect this
27 Final Judgment and shall be considered separate from this Final Judgment.
28

13. Neither the Stipulation nor the settlement contained therein, whether or not consummated, nor any negotiations, discussions, proceedings, acts performed or documents executed pursuant to or in furtherance of the Stipulation or the settlement is or may be (a) deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any Settling Defendant; (b) offered or received against any Settling Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Settling Defendant, or against the Lead Plaintiff or any Class Member as evidence of any infirmity in the claims of the Lead Plaintiff and the Class; (c) deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Settling Defendant in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Settling Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; and (d) construed against Settling Defendants, Plaintiffs, or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Plaintiffs and Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.     If the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur as to some but not all of the Defendants then this Judgment shall be rendered null and void as to those Defendants to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

Dated this 18th day of February, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge